**Seryozha KHACHATRYAN; Zoya Khachatryan, Petitioners,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 03–71768.

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2005.\*\*

Decided June 29, 2005.

Reynold E. Finnegan, Esq., Finnegan & Diba, Los Angeles, CA, for Petitioners.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Patricia K. Buchanan, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KLEINFELD, TASHIMA and THOMAS, Circuit Judges.

MEMORANDUM \*\*\*

Seryozha Khachatryan and his wife, Zoya Khachatryan, natives and citizens of Armenia, petition for review of the Board of Immigration Appeals' ("BIA") summary affirmance of the immigration judges's ("IJ") denial of their application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and review for substantial evidence. *Hasan v. Ashcroft,* 380 F.3d 1114, 1119 (9th Cir.2004).

Substantial evidence supports the IJ's decision. Khachatryan's asylum claim fails because his letter did not expose government corruption, but instead was directed at the corrupt individuals who did not pay for the auto repair service that he provided. *See Grava v. INS,* 205 F.3d 1177, 1179–81 (9th Cir.2000). Furthermore, sub-

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

stantial evidence does not show that Khachatryan's subsequent beatings and extortion were on account of a protected ground. *See Kozulin v. INS*, 218 F.3d 1112, 1115–17 (9th Cir.2000).

Because petitioners do not challenge the IJ's denial of withholding of removal and CAT relief in their opening brief, the claims are waived. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir.1996).

**PETITION FOR REVIEW DENIED.**